UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLENDA REYES and GERSON ESCOBAR, on behalf of
themselves and all other persons similarly situated,

                                Plaintiffs,                             **COMPLAINT**

       -against-

TACO EXPRESS PLUS, INC. d/b/a BURRITO PALACE
and WAHEED MURAD,
                              Defendants.
-------------------------------------------------------------------X

       Plaintiffs, GLENDA REYES and GERSON ESCOBAR, on behalf of themselves and all

other persons similarly situated, by and through their counsel, the Law Office of Peter A. Romero

PLLC, complaining of the Defendants, TACO EXPRESS PLUS, INC. d/b/a BURRITO PALACE

and WAHEED MURAD, allege as follows:

### NATURE OF THE CLAIM

      1.     Plaintiffs bring this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19,

§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R.

§ 142 ("NYLL"), to recover unpaid minimum wages under the NYLL, for failure to pay spread of

hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, for failure to furnish accurate

wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice

upon his hire under NYLL § 195(1), and for failure to issue timely payment of wages pursuant to

NYLL § 191.

      2.     Plaintiffs bring this lawsuit against the Defendants pursuant to the collective action

provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf

of all other persons similarly-situated during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA. Plaintiffs bring their claims under the NYLL on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq.*

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6.      At all relevant times, Plaintiff GLENDA REYES ("Reyes") was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

7.      At all relevant times, Plaintiff GERSON ESCOBAR ("Escobar") was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

8.      At all relevant times, Defendant TACO EXPRESS PLUS, INC. ("Defendant") was/is a domestic business corporation with a principal place of business at 1236 Middle Country Road, Selden, New York 11784.

9.      At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

10.     At all relevant times, Defendant, WAHEED MURAD ("MURAD"), is an owner and/or officer of the corporate defendant, has authority to make payroll and personnel decisions for, and is active in the day to day management of, the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

11.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

## FACTS

12.     Defendants own and operate restaurants located at 333 Route 25A Miller Place, New York; 1236 Middle Country Road, Selden, New York 11784; and 1018 Portion Road, Lake Ronkonkoma, New York 11779.

13.     Plaintiff Reyes was employed by Defendants from in or about June 2016 to in or about February 2017 and from in or about June 2017 to in or about December 2019 at their locations in Selden and Miller Place.

14.     Plaintiff Reyes regularly worked 12 hours per day, 6 days per week.

15.     Plaintiff Reyes regularly worked more than 40 hours per week, but Defendants failed to pay her overtime for hours worked after 40 hours per week.

16.    Defendants failed to pay Plaintiff Reyes based on an hourly rate of pay, in violation of the NYLL and its implementing regulations.

17.    Defendants paid Plaintiff Reyes a fixed weekly salary of $450.00, regardless of the number of hours she worked each week.

18.    Defendants paid Plaintiff Reyes at a rate that fell below the mandated minimum wage in violation of the NYLL.

19.    Plaintiff Reyes regularly worked a daily shift that exceeded 10 hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff spread-of-hours pay for each workday that exceeded 10 hours, in violation of the NYLL.

20.    Defendants failed to provide Plaintiff Reyes with a proper notice and acknowledgement of her wage rate upon hire as required by NYLL § 195(1).

21.    Defendants failed to provide Plaintiff Reyes with an accurate wage statement each pay period as required by NYLL § 195(3).

22.    Plaintiff Escobar was employed by Defendants from in or about December 2015 to in or about July 2019.

23.    Plaintiff Escobar regularly worked from 10:30 a.m. until 10:00 p.m., 6 days per week.

24.    Plaintiff Escobar regularly worked more than 40 hours per week, but Defendants failed to pay Plaintiff overtime for hours worked after 40 hours per week.

25.    Defendants failed to pay Plaintiff Escobar at the statutorily required overtime rate of one and one-half times their regular rates of pay for hours worked in excess of 40 hours in violation of the FLSA and NYLL.

26.     Plaintiff Escobar regularly worked a daily shift that exceeded 10 hours per day from its start to its finish.  However, Defendants failed to pay Plaintiff spread-of-hours pay for each workday that exceeded 10 hours, in violation of the NYLL.

27.     Defendants failed to provide Plaintiff Escobar with a proper notice and acknowledgement of his wage rate upon hire as required by NYLL § 195(1).

28.     Defendants failed to provide Plaintiff Escobar with an accurate wage statement each pay period as required by NYLL § 195(3).

29.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track and pay Plaintiffs in accordance with their hours worked.

30.     Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

31.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

32.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in in bringing this action.

33.     Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves, individually, and all similarly situated employees non-exempt persons who are currently, or have been employed by the Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

34.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

35.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

36.     Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

37.     Defendants' violations of the FLSA have been willful and intentional.

38.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

39.     As a result of Defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

40.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

41.     Defendants employed Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

42.     By Defendants' failure to pay Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

43.     Defendants' violations of the New York Labor Law have been willful and intentional.

44.     Due to Defendants' violations of the New York Labor Law, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – MINIMUM WAGES)**

45.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

46.     Defendants employed Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

47.     Defendants' violations of the New York Labor Law have been willful and intentional.

48.     Due to Defendants' violations of the New York Labor Law, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(SPREAD OF HOURS VIOLATION OF NYLL)**

49.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50.     Defendants failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR §146.

51.     Defendants' failure to pay spread-of-hours compensation was willful and intentional.

52.     For the foregoing reasons, Plaintiffs, and any FLSA Collective Action Plaintiff who opt-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

### FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

53.     Plaintiffs, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

54.     Defendants failed to provide Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

55.     Due to Defendants' failure to provide Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by New York Labor Law § 195(1), Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(3))

56.     Plaintiff, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

57.     Defendants failed to provide Plaintiffs, and any FLSA Collective Action Plaintiff, with accurate statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

58.     Due to Defendants' failure to provide Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and FLSA Collective Action Plaintiffs pray for the following relief:

i.     Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

ii.     Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iii.     Awarding unpaid overtime, minimum wages and spread of hours wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

iv.     Awarding damages pursuant to New York Labor Law § 198;

v.      Designating this action as an FLSA collective action on behalf of the Plaintiffs and

FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b)

to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting

them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to

29 U.S.C. § 216(b), and tolling of the statute of limitations;

vi.     Awarding pre- and post-judgment interest as permitted by law;

vii.    Awarding attorneys' fees and costs incurred in prosecuting this action; and

viii.   Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       January 22, 2020

                          LAW OFFICE OF PETER A. ROMERO PLLC

            By:   */s Peter A. Romero, Esq,*

                  _____
                  PETER A. ROMERO, ESQ.
                  825 Veterans Highway Ste. B
                  Hauppauge, New York 11788
                  (631) 257-5588
                  promero@romerolawny.com

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Taco Express Plus, Inc. and Taco Express Mexican Grill LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Glenda Reyes_                    _12/23/19_
Glenda Reyes                        Date